IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD DIXON and<br>DECEMBER L. DIXON,<br><br>        Plaintiffs,<br><br>    v.<br><br>OSA GLOBAL SECURITY and<br>PENN HILLS SCHOOL DISTRICT and<br>MUNICIPALITY OF PENN HILLS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  02: 11-CV-1654<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is DEFENDANT PENN HILLS SCHOOL DISTRICT'S MOTION TO DISMISS, with brief in support (Document Nos. 13 and 14). By Text Order of June 1, 2012, the Court ordered Plaintiffs to respond to the Motion by June 21, 2012; however, to date, Plaintiffs have not filed a response.

**Background**

As the law requires, at the motion to dismiss stage, all disputed facts and inferences are resolved in favor of Plaintiffs, the non-moving party. This lawsuit is brought pursuant to a complaint filed by *pro se* plaintiffs, Leonard Dixon and December L. Dixon. The factual allegations made in the Complaint are vague and difficult to comprehend.

Plaintiffs are attempting to plead a cause of action under 42 U.S.C. §1983 and contend that Defendants violated their constitutional rights (1) to be free from unreasonable searches and seizures; (2) "to not be put twice in jeopardy for the same offence (sic), compelled to be witness

1

against oneself, deprived of liberty or property, without due process of law, without just compensation;" and (3) to "compulsory process." Complaint at 4. Named as defendants are OSA Global Security, Penn Hills School District, and the Municipality of Penn Hills. OSA Global Security has not been served with the summons and Complaint and the Municipality of Penn Hills has filed an Answer. The instant Motion to Dismiss is filed only behalf of Penn Hills School District ("the School District").

## Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d

Cir. 2009).  First, the Court must separate the factual and legal elements of the claim.  *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal* 129 S. Ct. at 1949).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211.  That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).  "A pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly* 550 U.S. at 555).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met.  See *Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to

3

relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly,* 550 U.S. at 553).

The Court is mindful that the sufficiency of a *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Moreover, a court should not dismiss a civil rights complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).

**Discussion**

Generally, 42 U.S.C. §1983 does not create substantive rights, but rather provides a remedy for a violation of rights created by federal law or the Constitution of the United States. 42 U.S.C. §1983; *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Title 42, United States Code, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a Section 1983 claim, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

The School District argues that the claims against it in the Complaint should be dismissed because Plaintiffs have failed to assert any factual allegations which would entitle them to relief. In order to have a claim for relief, Plaintiffs have an "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief,'" and that requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As explained above, the Court must first separate the factual and legal elements of the claim. *Fowler* 578 F.3d at 210. Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."

Plaintiffs' allegations in the Complaint appear to stem from incidents which occurred on two separate dates, February 17, 2011 and March 28, 2011. However, the Complaint sets forth only a mere cursory overview of either event.

A.  <u>Incidents of February 17, 2011</u>

On February 17, 2011, Plaintiffs contend that "Officer Napier of OSA Global initiated search and seizure of student Dixon, property and person," and that "[t]he search and seizure failed

5

to conform to conventional requirements." Complaint at 5. However, no substantive facts are pled as to the circumstances surrounding the alleged search and seizure.

Further, according to the Complaint, "principal Gavin of Penn Hills School District continued the search and seizure, plus issuance of three days expulsion of student Dixon." *Id*. Plaintiffs allege that "the continuance of the search and seizure failed to conform with Conventional requirements," and that "the expulsion of student Dixon fails to comply with prescribed standards." *Id*. The Complaint is completely void of any factual allegations surrounding the alleged continuance of the search and seizure by Principal Gavin or how the expulsion or Principal Gavin's alleged conduct violated Plaintiffs' constitutional rights.

The Complaint also states that on or about February 17, 2011, superintendent McClaron of the School District extended the expulsion to seven (7) more days and that "[t]he expulsion of student Dixon fails to comply with prescribed standard." *Id*. Again, the Complaint is void of any factual allegations as to why the expulsion was extended, or how Superintendent McClaron's alleged conduct violated Plaintiffs' constitutional rights.

The Complaint is completely bereft of any factual allegations that demonstrate that the School District violated any constitutional rights of the Plaintiffs or any law of the United States. In the absence of anything more than unsupported conclusions, any and all claims against the School District which are based on the incidents which allegedly occurred on February 17, 2011 will be dismissed in their entirety.

6

B.     Incidents of March 28, 2011

The Complaint also states that Plaintiffs' constitutional rights were violated as a result of an arrest and probable cause hearing on March 28, 2011. Plaintiffs allege that police officer A. Green, of the Municipality of Penn Hills "effectuated the arrest of student Dixon." Complaint at 6.

According to the Complaint, Magistrate Hromyak of the Municipality of Penn Hills "effectuated a warrant for the arrest of student Dixon" and then allegedly held a Probable Cause hearing and charged student Dixon with a violation of "a Statute." *Id*.

There are no facts in the Complaint which explain why student Dixon was arrested, what was in the warrant, what occurred during the hearing, what statute Plaintiff was charged with violating, or how Plaintiffs' constitutional rights were violated. Moreover, and most significantly for the purpose of this Memorandum Opinion, the School District does not appear to have been involved in any of the incidents that occurred on March 28, 2011.

Without additional facts in the Complaint, and in the absence of anything more than unsupported conclusions, all claims against the School District which arose from the March 28, 2011 incident will be dismissed in their entirety.

C.     Leave to Amend the Complaint

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. The district court may dismiss the action if the plaintiff does not file an

amended complaint or if the plaintiff files a notice of his or her intent to stand on the complaint as filed.

Accordingly, Plaintiffs will be granted leave to amend their Complaint if they so choose. If Plaintiffs choose to file an amended complaint, they must plead sufficient facts to state a valid claim against the School District. It will be important to address the shortcomings of the Complaint as identified by the Court and the School District to assure that the amended Complaint states a valid claim against the School District insofar as the Court is unlikely to permit any further amendments. Additionally, if Plaintiffs decide to file an amended Complaint, this Court urges them to consult Rule 4 of the Federal Rules of Civil Procedure to ensure proper service of same on all parties.

## Conclusion

For the foregoing reasons, the Motion to Dismiss filed by the School District will be **GRANTED**.  An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD DIXON and <br> DECEMBER L. DIXON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | 02: 11-CV-1654 |
| OSA GLOBAL SECURITY and <br> PENN HILLS SCHOOL DISTRICT and <br> MUNICIPALITY OF PENN HILLS, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER OF COURT

**AND NOW**, this 12th day of July, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss filed by Defendant Penn Hills School District is **GRANTED**.

It is further **ORDERED** that on or before **July 26, 2012** Plaintiffs may file an amended complaint to correct the noted deficiencies in their original complaint, or file a notice of intent to stand on the current complaint. Failure to timely do either will result in the dismissal of the School District from this action.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Leonard Dixon
December L. Dixon
2430 Atlas Street
Pittsburgh, PA 15235
(via U.S. Postal Service and
Certified Mail, Return Receipt Requested)

Alfred C. Maiello, Esquire
Maiello, Brungo & Maiello
Email: acm@mbm-law.net

Heather M. Langeland, Esquire
Maiello, Brungo & Maiello, LLP
Email: hml@mbm-law.net

Roger W. Foley , Jr., Esquire
Maiello, Brungo & Maiello, LLP
Email: rwf@mbm-law.net

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
Email: ejoyal@travelers.com