# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD DIXON and <br> DECEMBER L. DIXON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | 02: 11-CV-1654 |
| MUNICIPALITY OF PENN HILLS, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is the MOTION FOR JUDGMENT ON THE PLEADINGS, with brief in support, filed by Defendant Municipality of Penn Hill (Document Nos. 19 and 20). By Text Order of August 10, 2012, the Court ordered Plaintiffs to respond to the Motion by August 31, 2012; however, to date, Plaintiffs have not filed a response.

**Background**

This lawsuit is brought pursuant to a complaint filed by *pro se* plaintiffs, Leonard Dixon and December L. Dixon. The factual allegations made in the Complaint are vague and difficult to comprehend.

Plaintiffs are attempting to plead a cause of action under 42 U.S.C. §1983 and contend that Defendant violated their constitutional rights (1) to be free from unreasonable searches and seizures; (2) "to not be put twice in jeopardy for the same offence (sic), compelled to be witness against oneself, deprived of liberty or property, without due process of law, without just compensation;"

and (3) to "compulsory process." Complaint at 4. Named as defendants are OSA Global Security, Penn Hills School District, and the Municipality of Penn Hills.

On March 2, 2012, Defendant Municipality of Penn Hills filed its Affirmative Defenses and Answer to the Complaint. By Memorandum Opinion and Order of July 12, 2012, the Court dismissed defendant OSA Global Security pursuant to Federal Rule of Civil Procedure 4(m); and granted the Motion to Dismiss filed by Defendant Penn Hills School District.

The instant Motion for Judgment on the Pleadings is filed only on behalf of the remaining defendant, Municipality of Penn Hills.

## Standard of Review

Federal Rule of Civil Procedure 12(c) permits motions for judgment on the pleadings after pleadings are closed and "within such time as not to delay the trial." Judgment on the pleadings is appropriate where the movant shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008) (internal quotation marks and citation omitted). Undertaking this analysis, courts view the facts in the pleadings and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

The Court will construe the Complaint liberally, as Plaintiffs bring this action *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## Discussion

Generally, 42 U.S.C. §1983 does not create substantive rights, but rather provides a remedy for a violation of rights created by federal law or the Constitution of the United States. 42 U.S.C.

2

§1983; *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Title 42, United States Code, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a Section 1983 claim, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

For a municipality such as Penn Hills to be held liable under § 1983, a plaintiff must demonstrate that the municipality caused a deprivation of his or her constitutional rights through an official policy, practice, or custom. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipal custom can be demonstrated either by reference to an express, codified policy or by evidence that a particular practice, although not authorized by law, is so permanent and well settled that it constitutes law. *Beck v. Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1992).

The Municipality of Penn Hills argues that the claims against it in the Complaint should be dismissed because Plaintiffs have failed to assert any factual allegations which would entitle them to relief. In order to have a claim for relief, Plaintiffs have an "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief," and that requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 (2007). As explained above, the Court must first separate the factual and legal elements of the claim. *Fowler* 578 F.3d at 210. Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."

Plaintiffs' allegations in the Complaint against the Municipality of Penn Hills appear to stem from incidents which occurred on March 28, 2011. However, the Complaint sets forth only a mere cursory overview of the event.

The Complaint states that Plaintiffs' constitutional rights were violated as a result of an arrest and probable cause hearing on March 28, 2011. Plaintiffs allege that police officer A. Green, of the Municipality of Penn Hills "effectuated the arrest of student Dixon." Complaint at 6.

According to the Complaint, Magistrate Hromyak of the Municipality of Penn Hills "effectuated a warrant for the arrest of student Dixon" and then allegedly held a Probable Cause hearing and charged student Dixon with a violation of "a Statute." *Id*.

There are no facts in the Complaint which explain why student Dixon was arrested, what was in the warrant, what occurred during the hearing, what statute student Dixon was charged with violating, or how Plaintiffs' constitutional rights were violated. Moreover, and most significantly for the purpose of this Memorandum Opinion, Plaintiffs do not allege that any official policy, practice or custom of the Municipality of Penn Hills caused a deprivation of their constitutional rights. Without additional facts in the Complaint, and in the absence of anything more than unsupported conclusions, the Motion for Judgment on the Pleadings will be granted.

## Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by the Municipality of Penn Hills will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD DIXON and<br>DECEMBER L. DIXON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 02: 11-CV-1654 |
| MUNICIPALITY OF PENN HILLS, | ) ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 5th day of September, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Judgment on the Pleadings filed by Defendant Municipality of Penn Hills is **GRANTED**.

The Clerk of Court shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Leonard Dixon
December L. Dixon
2430 Atlas Street
Pittsburgh, PA 15235
(via U.S. Postal Service and
Certified Mail, Return Receipt Requested)

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
Email: ejoyal@travelers.com